■ MARTIN IRWIN et al., Respondents, v LOUIS E. KAYSER et al., Constituting the Zoning Board of Appeals of the Town of Orangetown, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Orangetown (hereinafter the board), dated February 15, 1984, the appeal is from an order and judgment (one paper) of the Supreme Court, Rockland County (Isseks, J.), dated August 10, 1984, which, *inter alia,* annulled the determination.

Order and judgment affirmed, without costs or disbursements.

The petitioners seek permission to operate an office with accessory television transmission equipment and antennas on certain property within a light industrial-office zoning (hereinafter LIO) district. On October 12, 1983, petitioners applied for a building permit. The building inspector determined that the proposed use was permitted as of right, but referred the matter to the board for approval of performance standards. On February 15, 1984 the board determined, *inter alia,* that the proposed use did not conform to the applicable performance standards. Petitioners commenced this proceeding to review the board's determination. Special Term granted the application. We affirm.

The board construed certain provisions of the Town of Orangetown Zoning Code in a manner which can only be described as arbitrary. Primarily, the board determined that the proposed facility is a "satellite earth station" and that since the code does not list a satellite earth station as a permitted use in an LIO district, such a use is forbidden. Under this interpretation of the code, the facility proposed by petitioners would not be permitted, as of right or with a special use permit, anywhere in the Town of Orangetown, since the code nowhere makes specific provision for such a facility. It is clear, however, that the proposed installation qualifies as a business office, which is permitted as of right in an LIO district. The board's refusal to consider the proposed facility as an office, in light of evidence proving that the building would provide a workplace for petitioners' employees in carrying on their business of broadcasting television signals, was arbitrary and capricious.

Equally arbitrary was the board's conclusion that the antennas to be used as part of petitioners' enterprise were principal, rather than accessory structures. It is clear that the proposed antennas are accessory to the principal building. The antennas are permitted accessory structures under the applicable provisions of the zoning code. Also, the board's determination that the microwave radiation which would be emitted from the proposed facility constituted a health hazard is without a rational basis in the record. There was, in fact, uncontradicted evidence in the testimony of three experts, all of whom concurred, that no health risk was posed by the emission of microwave radiation at low levels. The record was devoid of any proof that microwave radiation, emitted at the expected intensities, would pose any threat to public safety (*cf. Matter of Highpoint Enters. v Board of Estimate,* 67 AD2d 914, *affd* 47 NY2d 935). Accordingly, the determination that the pro-

posed use did not conform to the performance standards set forth in the code was likewise arbitrary and capricious. Finally, we see no merit to the board's argument that the matter should be remitted to it for further hearings. Despite its assertion that it lacked jurisdiction to do so, the board nevertheless reviewed and ruled that the proposed facility did not comply with the applicable performance standards. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.